UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GREGORY BRADLEY, JR.**<br>      LA. DOC #514359<br>VS. | **CIVIL ACTION NO. 09-0220**<br><br>**SECTION P** |
| **TENSAS PARISH SHERIFF DEPT.,**<br>**ET AL.** | **CHIEF JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Gregroy Bradley, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint on February 4, 2009. When he filed this complaint plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and he was incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. However, he complained about conditions of confinement at the Tensas Parish Jail in St. Joseph, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3 of this Court.

*Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint and his application to proceed *in forma pauperis* on February 4 and 5, 2009. [rec. docs. 1 and 2] On May 7, 2009, the undersigned completed an initial review of the pleadings and directed plaintiff to amend his complaint. [rec. doc. 4] The order was mailed to the address provided by the petitioner when he filed his complaint. On May 19, 2009, the amend order was returned to sender with the remarks noted on

the envelope, "not deliverable as addressed/unable to forward." [rec. doc. 5]

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."  More than thirty days have elapsed since the clerk of court's correspondence was returned indicating that plaintiff was no longer incarcerated at the FPDC and plaintiff has not updated his address.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, July 13, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE